WILLIAM H. LAMAR, Sheriff, for use &c. of John D. Arnold, plaintiff in error, vs. DAVID FOLEY, principal, and JOHN O'BRIEN, security, defendants in error.

When a debtor in *ca. sa.* gives a prison-bounds bond under the Act of 1820, and afterwards applies for the benefit of the honest debtor's Act, but being convicted of fraud is ordered into the custody of the Sheriff to be imprisoned until a full and fair surrender of his property is made, this is a new commitment, and no action will lie on the prison-bounds bond for a subsequent escape.

Debt, &c. from Muscogee Superior Court. Tried before Judge Bull, May Term, 1858.

David Foley was arrested on a *ca. sa.* from Justice's Court, and gave prison bounds bond. In February Term, 1857, of the Inferior Court, he made application to take the benefit of the Act of 1823 "for the relief of honest debtors." Arnold suggested fraud in Foley's schedule, and the issue being tried, the jury found for Arnold. Afterwards, before the lapse of six months from his arrest, Foley passed beyond the prison bounds limits; hence the present action, plaintiff alleging in his declaration said passing the bounds as a breach of said bond, and thereupon his right to recover.

All these things were in evidence on trial, when, after plaintiff had closed, defendant moved a non-suit, which the Court sustained. Whereupon plaintiffs' counsel excepted and assigns error.

L. T. Downing for plaintiff in error.

Ingram & Russell for defendants in error.

*By the Court.*—Lumpkin J. delivering the opinion.

A majority of the Court being of the opinion that the securities upon the prison-bounds bond were discharged by the proceedings which were had in this case, voted for affirming the judgment of the Superior Court in non-suiting the plaintiff. And while, for the sake of unanimity, I am willing to concur in the construction thus put upon our statutes passed in reference to this subject, yet I must, in justice to myself, say that I entertain strong doubts upon the point.

It is clear that a debtor in *ca. sa.* who has given bond to keep the prison bounds, is entitled to the benefit of the Acts passed for the relief of insolvents. (*Pamphlet Acts of* 1855–6, *p.* 153.) But suppose he fail in his application, as Foley did in this case—is he not remitted back to his former *sta-*

*tus?* That is, does he not remain in custody under the process by which he was committed, entitled to the privileges and subject to the conditions of the bond previously given, under the Act of 1820 ? *Cobb* 383. One of the stipulations is, that he is not to pass the boundaries prescribed by law "without being legally discharged." Here the party arrested sought to be released, as he had a right to do, but failed. In other words, he was not " legally discharged." Would it seem, therefore, that he remained in confinement under the original commitment? And that having departed subsequent to this time, he was guilty of an escape, and thereby forfeited his bond ?

The other view of the question is, that by this proceeding under the insolvent laws, the prison-bounds bond was superceded, and that his imprisonment until a full and fair disclosure of all his property, money and effects was made, was a new commitment, and that the Sheriff having him in his custody under this order of the Court must deal with him accordingly.

This may be the better interpretation of the law.

Judgment affirmed.